# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DAVYIA HAMITLON, <br><br> Plaintiff, <br><br> v. <br><br> COMPASS BEHAVIORAL & DEVELOPMENTAL CONSULTANTS LLC, AMILA SMITH, and RODNEY SMITH, <br><br> Defendants. | No. 5:23-cv-00496-CAR <br><br><br><br> **JURY TRIAL DEMANDED** |

## **PROTECTIVE ORDER**

THE COURT ALERTS THE PARTIES THAT IT ADDED A FINAL SECTION TO THE PARTIES' PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE AGREED ORDER SUBMITTED TO THE COURT.

Pursuant to Fed. R. Civ. P. 26(c) and by agreement of the parties, it is hereby ORDERED that the disclosure of confidential information is governed by the following provisions:

**(a)** **Scope.** As used in this Order, "documents" means all documents produced by any party in the course of discovery, all responses to discovery requests, and all deposition transcripts and exhibits. This Order does not affect the parties' use of their own information and documents in their possession obtained other than by discovery in this litigation.

**(b)** **Form and Timing of Designation.** Confidential documents shall be so

1

designated by affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and will permit complete removal of the confidential designation. Documents shall be designated confidential prior to, or contemporaneously with, their production or disclosure.  Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver of the right to designate documents confidential as otherwise allowed by this Order.

**(c)** **Documents That May Be Designated Confidential.** The parties may designate as confidential documents that contain:

- Information protected from disclosure by statute;

- Social Security numbers;

- Documents and information obtained from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA");

- Documents containing "protected health information" as set forth in 45 C.F.R. §§ 160.103 and 164.501;

- Financial information;

- Documents containing or referencing a non-party's sensitive employment, financial, or medical information;

- Information received in confidence from third parties; and

- Information which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G)-(H) of the Federal Rules of Civil Procedure, without prejudice to the right to de-designate such information, document, thing, or portion of any document or thing if appropriate.

No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non- confidential basis, shall be deemed or considered to be Confidential material under this Protective Order.

**(f)    Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken, or within thirty business days after receipt of the transcript. No such deposition transcript shall be disclosed to any individual other than the individuals described in Section (g)(ii) and the deponent during these thirty (30) days, and no individual attending such deposition shall disclose the contents of the deposition to any individual other than those described in Section (g)(ii) and the deponent during said thirty (30) days. Such designation shall be carefully limited to the specific portions entitled to protection. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause

each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Sections (g)(i) and (ii).

**(g)** **Protection of Confidential Material.**

**i.** **General Protections.** Documents designated confidential under this Order shall not be filed with the Clerk of court unless the confidential information can reasonably be redacted (see Paragraph (h) below). Otherwise, documents designated as confidential under this Order may be filed only under seal in compliance with the applicable procedures or orders of the Court. Documents designated as confidential shall not be used or disclosed by the parties or their counsel for any purposes other than preparing for and conducting this litigation (including any appeal) except as provided by this Order. All confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action and shall not be disclosed by the receiving party to anyone other than those limited third-party disclosures set forth in (g)(ii) (with respect to Confidential material), unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

**ii.** **Limited Third-Party Disclosures.** The parties and their counsel shall not disclose, or permit the disclosure of, any documents designated confidential under the terms of this Order to any person or entity except as set forth in subparagraphs a. through f. below.

**a.** Counsel for the parties (including any attorney at the parties'

4

outside law firms and relevant in-house counsel) and their employees who have responsibility for the preparation and trial of the lawsuit;

   **b.** Parties, witnesses at deposition or trial, and persons who authored and/or received the documents in question during their course of their employment. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit;

   **c.** Employees of the parties (for instance, secretarial, paralegal, clerical, duplicating, and data processing personnel) whose assistance is necessary for this litigation only after the execution of a written statement agreeing to be bound by this Order as follows: "I have been provided with and read the Protective Order regarding confidentiality and I expressly agree to be bound by its terms." Such designation shall be disclosed to all parties";

   **d.** Court reporters and videographers engaged for depositions, the Court, persons employed by the Court, jurors, third party neutral or neutrals agreed to by the parties or ordered by the Court, and individuals who photocopy documents for this litigation;

   **e.** Consulting and testifying experts;

   **f.** Any deponent, who may be shown or examined on any information, document or thing designated Confidential if it appears that the witness

5

authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure;

   **g.** Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

   **h.** Other persons upon electronic consent of the producing party, or upon order of the Court and on such conditions as agreed to or ordered.

   **iii.** **Private Health Information.** Prior to disclosing protected health information to persons involved in this litigation other than those identified in Section (g)(ii), counsel shall inform each such person that protected health information may not be used or disclosed for any purpose other than this litigation. Those receiving protected health information may receive the protected health information only after the execution of a written statement agreeing to be bound by this Order as follows: "I have been provided with and read the Protective Order regarding confidentiality and I expressly agree to be bound by its terms." Counsel shall take all other reasonable steps to ensure that persons receiving protected health information do not use or disclose such

information for any purpose other than this litigation.

**(h)** **Use and Disclosure of Confidential Information.** Confidential material shall be used only by individuals permitted access to it under Section (g)(ii). Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

**(i)** **Procedure for Objections.** If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

**(i)** Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

**(ii)** If a dispute as to a Confidential designation of a document or item

of information cannot be resolved by agreement, the parties shall jointly contact chambers via telephone or email to schedule a telephonic status conference to discuss the dispute, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

        **(iii)**    At all times, the designating party carries the burden of establishing the propriety of the designation.

        **(iv)**    The failure of any receiving party to challenge a designation does not constitute a concession that the designation is proper.

    **(j)**    **Disclosure of Confidential Information at Trial or Hearing.**  If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential information, it may do so only after giving notice to the producing party and as directed by the Court.

    **(k)**    **Inadvertent or Unintentional Disclosure of Confidential Material.** To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or

unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential under this Protective Order.

**(l)** **Inadvertent or Unintentional Disclosure of Privileged or Work-Product Protected Information; Claw-Back.** The inadvertent or unintentional disclosure of any information, document or thing protected by privilege or by work-product immunity shall not, by itself, constitute a waiver by the producing party of any claims of privilege or work-product immunity as to such document, information or thing. When the inadvertent or unintentional disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Fed. R. Civ. P. 26(b)(5)(B). When any document, information or thing on its face indicates that it is or may be protected by privilege or work-product immunity, the receiving party will notify the producing party in writing that it has discovered documents, data and/or information believed to be privileged, immune or otherwise not subject to production, identifying the documents, data or information by bates number or hash value range, and shall return, sequester, or destroy all copies of such documents, data or information, along with any notes, abstracts or

compilations of the content thereof, within ten (10) business days of discovery by the receiving party. Nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or unintentional disclosure.

**(m)** **Protection of Rights.** This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms or to seek a redesignation of material marked as Confidential.

**(n)** **Filing of Confidential Documents.** Before filing a document designated confidential, e.g., in support of a substantive motion, the filing party may first file a motion for leave to file the document under seal. The Clerk of the Court is not authorized to accept *for filing* any document designated as sealed without a Court Order. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the filing party shall first consult with counsel for the designating party to determine if a measure less restrictive than filing the document under seal can provide adequate protection. At all times, the burden of demonstrating that the document should be filed under seal is on the designating party. If the Court denies the motion for leave to file a document designated Confidential under seal, the document can be filed on the public docket by any party.

  **i.** **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as confidential and shall maintain a record of all persons who reviewed or were given access to the documents.

  **ii.** **Copies.** All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents designated as confidential, or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

 **(o) Treatment on Conclusion of Litigation.**

  **i.** **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated confidential shall continue to be binding after conclusion of the litigation, unless otherwise agreed in writing or ordered by the Court.

  **ii.** **Return of Confidential Documents.** Within thirty days after conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above, shall be returned to the producing party upon the producing party's request and at the producing party's expense, unless (1) the document was used as an exhibit in deposition, entered as evidence, or filed, and/or (2) the parties stipulate to destruction in lieu of return. Notwithstanding the above requirements to return or destroy documents, counsel may

retain attorney work product, even if it contains confidential information. Such work product continues to be confidential under the terms of this Order. An attorney may use his or her work product in subsequent litigation, provided its use does not disclose confidential documents or their confidential contents.

        **iii. Return of Protected Health Information**. With respect to protected health information, within thirty days after the conclusion of the litigation including conclusion of any appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel shall return the protected health information to the covered entity or producing party or destroy any and all copies of protected health information, except that counsel are not required to secure the return or destruction of protected health information used as an exhibit in deposition or submitted to the court. The duty to return or destroy protected health information does not require a request from the producing party or third party.

    **(p)**    **Dispute Resolution.** Before a motion is filed in relation to any dispute under this Order, the parties will try to resolve the dispute on their own via good-faith conferral and if that is unsuccessful, by telephone conference with the Judge.

**ADDED BY THE COURT**

    The Court finds that good cause exists for the entry of this order with the following condition.  Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial.

If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record.

Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

**IT IS SO ORDERED** this 19th day of December, 2024.

                                     s/ C. Ashley Royal
                                     C. ASHLEY ROYAL, SENIOR JUDGE
                                     UNITED STATES DISTRICT COURT